**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------ X
:
IN RE MARK IV INDUSTRIES INC., et al.      :      MEMORANDUM DECISION AND
:                      ORDER
Reorganized Debtors.                        :
:                  11 Civ. 6758 (GBD)
:
:
------------------------------------ X

GEORGE B. DANIELS, District Judge:

On September 27, 2011, *pro se* appellant Gertrude C.F. Hamilton ("Hamilton) filed a notice of appeal, pursuant to 28 U.S.C. § 158(a)(1), from five orders entered by the Honorable Stuart M. Bernstein, United States Bankruptcy Judge for the Southern District of New York in the In re Mark IV Industries, Inc. ("Mark IV") chapter 11 proceedings. All of the orders generally relate to the expungement of Hamilton's proofs of claim in those proceedings. Hamilton filed those proofs of claim in respect of her claims against Mark IV in an employment discrimination suit in the United States District Court for the District of South Carolina (the "South Carolina Litigation"). That lawsuit was dismissed on Mark IV's motion for summary judgment. Hamilton argues that the proofs of claims should not have been expunged and that the underlying South Carolina Litigation should be reinstated and transferred to this Court.

Specifically, Hamilton appeals from (1) the June 9, 2010 Orders that granted Hamilton's motion for relief from the automatic stay to permit her to appeal the summary judgment order dismissing her employment discrimination claim against Mark IV in the South Carolina Litigation; that granted Mark IV's Seventeenth Omnibus Objection to the Allowance of Claims, which expunged Hamilton's proofs of claim in the Mark IV chapter 11 proceedings; and that

extended Mark IV's deadline for objecting to claims; (2) the Memorandum Endorsement and Order, dated July 21, 2011, denying Hamilton's May 25, 2011 motion for emergency reconsideration of the expungement of her claim; and (3) the Memorandum Endorsement and Order, dated August 11, 2011, denying Hamilton's August 4, 2011 motion for reconsideration of the July 21, 2011 Order.[1]

Hamilton does not specifically address the substance of each of the Bankruptcy Court orders in her papers, but instead, generally argues for "reversal of the Bankruptcy court's order denying her motions, reversal of all summary judgments and orders related to [her] case ... because of FRAUD and Fraud upon the Court that denied her relief." Appellant's Brief at 3. Specifically, Hamilton argues that (1) Mark IV fraudulently misrepresented facts in its filings, causing the Supreme Court to deny Hamilton's petition for writ of certiorari; (2) the Clerk of the District of South Carolina District Court conspired to defeat Hamilton's claims by improperly amending the docket entry granting Mark IV summary judgment in violation of the automatic stay; (3) Mark IV's voluntary dismissal of its counterclaims against Hamilton was improper; (4) Mark IV's failure to list the South Carolina Litigation on its Statement of Financial Affairs constituted fraud; (5) newly discovered evidence shows that Mark IV attempted to defraud the Occupational Safety and Health Administration; and (6) disputed issues of material fact precluded the South Carolina District Court from granting Mark IV summary judgment.

**JUNE 9, 2010 ORDERS**

Pursuant to Fed. R. Bankr. P. 8002 (a), a notice of appeal shall be filed with the clerk within 10 days of the date of the entry of judgment, order, or decree appealed from. Fed. R.

---

[1] Hamilton's August 4, 2011 motion was entitled "'Response' Memorandum Endorsement and Order Denying Motion for Reconsideration by Gertrude C. F. Hamilton." The Court construes it as a motion for reconsideration of the July 21, 2011 Order.

Bankr. P. 8002(a). This prescribed time limit "is jurisdictional, and in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate 'excusable neglect.'" Siemon v. Emigrant Savs. Bank (In re Siemon), 421 F.3d 167, 169 (2d Cir. 2005). Appellant filed her notice of appeal on September 27, 2011—over one year after the June 9, 2010 Orders were entered. Thus, this Court lacks subject matter jurisdiction over the appeal of those orders.

**JULY 21, 2011 AND AUGUST 11, 2011 ORDERS**

A bankruptcy court's denial of a motion to reconsider a disallowed claim is a discretionary decision, reviewed under the deferential abuse of discretion standard. Statek Corporation v. Development Specialists, Inc., (In re Coudert Brothers), 673 F.3d 180, 186 (2d Cir. 2012). "A ruling is an abuse of discretion only if the bankruptcy court 'bases its ruling on a mistaken application of the law or a clearly erroneous finding of fact.'" Peskin v. Picard, 440 B.R. 579, 584 (S.D.N.Y. 2010) (quoting Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co., 411 F.3d 384, 388 (2d Cir. 2005)).

Bankruptcy Rule 9024 provides that reconsideration motions in the bankruptcy court are governed by Rule 60 of the Federal Rules of Civil Procedure. Fed. R. Bankr. P. 9024. Rule 60 (b) allows a court to relieve a party from final judgment for:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment…

Fed. R. Civ. P. 60(b). However, "[w]here the moving party seeks solely to relitigate an issue already decided," reconsideration is inappropriate. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d. Cir. 1995).

The Bankruptcy Court did not abuse its discretion in determining that Hamilton failed to satisfy Rule 60(b) in its July 21, 2011 Order denying Hamilton's May 25, 2011 motion and its August 11, 2011 Order denying Hamilton's August 4, 2011 Motion. In support of her May 25, 2011 motion, Hamilton argued that reconsideration was appropriate because the debtors committed fraud by failing to schedule her claims and lawsuit, the South Carolina District Court dismissed her complaint in violation of the automatic stay, and new evidence, which the debtors wrongfully hid, supported her underlying claims and showed that the Debtors committed fraud on the District Court where those claims were litigated. The Bankruptcy Court properly determined that reconsideration was not appropriate because a prior order addressed each of Hamilton's arguments and the current motion "add[ed] nothing new." The Bankruptcy Court also properly denied Hamilton's August 4, 2011 motion for reconsideration, finding that "[a]ll relief requested in this Court by Ms. Hamilton is denied for the reasons stated in its prior endorsements."

Hamilton points to no "mistaken application of the law or clearly erroneous finding of fact" that renders the Bankruptcy Court's decision an abuse of discretion. The Bankruptcy Court was correct that "nothing new" was raised in either of Hamilton's motions. Substantially all of Hamilton arguments in both those motions and in her appeal brief were directly addressed in Hamilton's prior appeal of a March 16, 2011 Memorandum Endorsement and Order by Judge Bernstein. See In re Mark IV Indus., Inc., No. 11 Civ. 2916 (RMB), Order at 7 (S.D.N.Y. Aug.

4

5, 2011). Thus, the Bankruptcy Court acted within its discretion with respect to the July 21, 2011 and August 11, 2011 Orders.

## IN FORMA PAUPERIS

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and therefore, in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

## CONCLUSION

Hamilton's appeal from the Bankruptcy Court's June 9, 2010 Orders is DISMISSED for lack of subject matter jurisdiction. Hamilton's appeal of the July 21, 2011 and August 11, 2011 Orders concerning reconsideration is DENIED. The Clerk of the Court is directed to close this Bankruptcy Appeal.

Dated: September 17, 2012
New York, New York

SO ORDERED:

*[signature]*
GEORGE B. DANIELS
United States District Judge